## FAYERWEATHER v. TUCKER.

*(Supreme Court, Special Term, New York County. May 26, 1890.)*

**JUDGMENT—ENTRY BY CLERK.**

　　Where an action is predicated on certain acts of defendant, alleged to have been done with fraudulent intent, judgment by default cannot be entered by the clerk without the intervention of the court, as provided by Code Civil Proc. N. Y. §§ 420, 1212, in certain cases, since section 549, subd. 4, provides that, where there is an allegation of fraud, plaintiff cannot recover unless he proves the fraud at the trial.

　　Action by Daniel B. Fayerweather and others against Charles C. Tucker. Defendant moves to vacate the judgment and execution.

*Betters & Lilienthal,* for plaintiff.     *Kneeland, Stewart & Epstein,* for defendant.

LAWRENCE, J.   The plaintiffs allege in their complaint that between February 22, 1889, and November 16, 1889, they sold and delivered to the defendant at an agreed price certain quantities of sole leather, and they set forth in detail the date and agreed price of each of said sales, amounting in the aggregate to $8,739.86, upon which the sum of $800 has been paid, leaving a balance of $7,939.86 due and payable to the plaintiffs.   It is also alleged in the complaint that the defendant, prior to the sale of certain shoes therein referred to, was and is insolvent, and various facts are stated in support of that allegation, such as the sale and delivery to one Blackwell of shoes of the value of not less that $3,500 for the sum of $3,892.65, which were paid for by notes of Blackwell to the order of the defendant and indorsed by the wife of Blackwell, by allowing $1,000 in liquidation of the alleged claim held by Blackwell against the defendant, and by a cash payment of $100.   Various indebtednesses to the defendant are also set forth in the complaint, which he is alleged to have collected and received, and has not applied in payment of his debts; and it is averred further that the defendant was not indebted to said Blackwell in any sum whatever; that he has abandoned his business in Massachusetts, and fled from said state; that proceedings in insolvency were begun in that state against him, resulting in the appointment of state assignees of his estate, and that the liabilities, as proved before said assignees, are about $63,000, while the assets do not exceed $15,000; that the defendant has been duly requested to explain to his creditors, including the plaintiffs, the manner in which his assets have disappeared, and his insolvency been produced, and that the said defendant refused to do so; and that since the making of said contract the defendant has removed, assigned, and disposed of and secreted his property with intent to defraud his creditors.   The last allegation was undoubtedly embodied in the complaint so as to bring the case within the provisions of subdivision 4, § 549, Code Civil Proc., by which it is declared that where such allegation is made the plaintiff cannot recover unless he proves the fraud on the trial of the action, and that a judgment for the defendant is not a bar to a new action to recover upon the contract only.   In this case an order of arrest was issued, and a motion was made upon the plaintiff's papers before me to vacate the same, the defendant appearing specially for that purpose.   That motion having been denied, the defendant failed to answer, and the plaintiff, upon his default, proceeded to enter judgment before the clerk, and without application to the court, upon which judgment a final execution has been issued against the person of the defendant, and it is now moved to vacate both the execution and the judgment.

After examining the questions presented on the motion, I am forced to hold that the case is not one of those in which, under sections 420, 1212, Code Civil Proc., the plaintiff was entitled to enter judgment without application to the court.   As the case falls within section 549 of the Code, and as the plaintiff, to recover, under the form of complaint which he has chosen to adopt, must prove the fraud on the trial of the action, no judgment could be entered without an application to the court.   I do not think that there is any force in the suggestion made by the counsel for the plaintiff that such a construction of section 549 of the Code would put it in the power of any defendant, by failing to plead, to obtain his release, if already under arrest, and secure immunity from a final execution against his person.   The evident meaning of the Code is that in cases brought under section 549 the fraud alleged must be established to the satisfaction of the court to enable the plaintiff to recover a judgment.   This the plaintiff could have done by applying to the court on affidavits showing that the defendant had made a default, and stating the facts in the case, whereupon a reference could have been ordered, or the court could

have heard the witnesses upon the application, or perhaps have issued a writ
of inquiry. Either one of these proceedings would have been a trial within
the meaning of the Code. For these reasons, although reluctantly, under the
circumstances disclosed by the papers, I feel obliged to grant this motion, but
without costs.